AUSTIN *v.* UNITED STATES

No. ——. Decided October 31, 1994

PER CURIAM.

Anthony Austin pleaded guilty to possession of crack cocaine with intent to distribute and was sentenced to 151 months' imprisonment. On appeal to the Fourth Circuit, Thomas Cochran, who had been appointed as Austin's counsel pursuant to the Criminal Justice Act of 1964, 18 U. S. C. § 3006A, submitted a brief in accordance with *Anders* v. *California,* 386 U. S. 738 (1967). That brief raised the issue of

sentence computation, but concluded that no meritorious issues existed for appeal. The Fourth Circuit affirmed Austin's conviction and sentence. Cochran then informed Austin of the right to petition for certiorari. Austin responded with a request to file a petition on his behalf. In advance of the deadline for filing the petition, Cochran applied to this Court for leave to withdraw as counsel. We grant his application.

The Criminal Justice Act directs each district court, with the approval of the judicial council of the Circuit, to implement "a plan for furnishing representation for any person financially unable to obtain adequate representation." 18 U. S. C. § 3006A(a). The Fourth Circuit plan contains a provision governing the duration of service by appointed counsel. Specifically, it provides:

"2. *Appellate Counsel.* Every attorney, including retained counsel, who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by the Supreme Court. Where counsel has not been relieved:

"If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk, or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied." 4th Circuit Rules App. II, Rule V.2.

Cochran argues that the Rule subjects him to conflicting obligations. On the one hand, the Rule imposes a mandatory duty to file a petition even if the legal arguments are frivo-

lous. On the other hand, this Court's Rule 42.2 allows an award of damages or costs against him if he were to file a frivolous petition.

As a matter of pure text, Cochran's interpretation is correct. The Fourth Circuit Rule does require the actions of appointed counsel to comply with this Court's Rules, but only *after* the filing of a petition for certiorari. The Rule imposes a very clear mandate to file petitions at the client's request, evidenced by the command "shall prepare and file." The Fourth Circuit keeps plenty of company in mandating representation through the certiorari process, even when it may run counter to our Rules.[1] Although the Fourth Circuit Rule provides a mechanism to seek relief from this obligation, Cochran is the first attorney to move for such relief,[2] indicating that counsel feel encouraged or perhaps bound by these Rules to file petitions that rest on frivolous claims. These Circuit Rules may explain, in part, the dramatically increased number of petitions for certiorari on direct appeal from federal courts of appeals filed by persons *in forma pauperis*.[3]

---

[1] See D. C. Circuit Rules App. VIII, Rule IV ("The duties of representation by counsel on appeal, where the appeal has been unsuccessful, shall extend to advising the party of the right to file a petition for writ of certiorari . . . . If the party so requests, counsel *shall* prepare and file such a petition") (emphasis added); 3d Circuit Rules Addendum B, Rule III.6 (same); 5th Circuit Rules App. C, Rule 4 (same); 7th Circuit Rules App. II, Rule V.3 (same); 8th Circuit Rules App. Rule V (same); 9th Circuit Rules App. A, §4(c) (same); 10th Circuit Rules Addendum I, Rule II.D (same); 11th Circuit Rules Addendum 4(f)(4) (same).

[2] Since this Court received Cochran's motion, another attorney has filed a petition for certiorari raising the same issue. *Anderson* v. *United States*, No. 94–5958.

[3] For the October 1983 Term, we received 523 petitions for certiorari on direct review in criminal cases from *in forma pauperis* petitioners in federal courts. That number increased fourfold by the October 1993 Term with 2,053 petitions. That increase stands in contrast with the increase in criminal petitions on direct review from state courts—an increase of only 50% in that same 10-year period.

Consistent with the Criminal Justice Act, we have provided by Rule for the payment of counsel appointed by this Court to represent certain indigent defendants. See Rule 39.7 ("In a case in which certiorari has been granted or jurisdiction has been noted or postponed, this Court may appoint counsel to represent a party financially unable to afford an attorney to the extent authorized by the Criminal Justice Act of 1964, as amended, 18 U. S. C. § 3006A"). But nothing in the Criminal Justice Act compels counsel to file papers in contravention of this Court's Rules against frivolous filings. And though indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney, *Anders* v. *California, supra,* that right does not extend to forums for discretionary review. *Ross* v. *Moffitt,* 417 U. S. 600, 616–617 (1974). Our Rules dealing with the grounds for granting certiorari, and penalizing frivolous filings, apply equally to petitioners using appointed or retained counsel. We believe that the Circuit councils should, if necessary, revise their Criminal Justice Plans so that they do not create any conflict with our Rules. The plan should allow for relieving a lawyer of the duty to file a petition for certiorari if the petition would present only frivolous claims.

A few of the Circuits have adopted plans that accommodate this Court's Rules in some fashion. For instance, the First Circuit only requires appointed counsel to continue representation at the Supreme Court level if "the person requests it and there are reasonable grounds for counsel properly to do so." 1st Circuit Rule 46.5(c). If counsel determines a petition would be frivolous, he must inform the First Circuit and request leave to withdraw. See also 2d Circuit Rules App. A, Rule III.5. The Sixth Circuit takes a different tack, insulating counsel from violation of its Rules (though not, of course, from violation of our Rules) so long as he proceeds according to his best professional judgment, without resorting to the approval of the appellate court. Its recently amended Rule states: "Court appointed counsel is

obligated to file a petition for a writ of certiorari in the Supreme Court of the United States if the client requests that such a review be sought *and, in counsel's considered judgment, there are grounds for seeking Supreme Court review.*" 6th Circuit Rule 12(f) (emphasis in original). We do not believe that the Criminal Justice Act compels either approach. From an administrative point of view, however, we think a plan requiring approval of the court of appeals is preferable, because attorneys are more likely to avail themselves of this avenue for relief if they have the endorsement of the court to back up their own judgment.