

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2004

# USA v. Morales

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4668

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"USA v. Morales" (2004). *2004 Decisions.* Paper 246.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/246

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4668
_____

UNITED STATES OF AMERICA

v.

MIGUEL MORALES,

Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court Judge: The Hon. J. Curtis Joyner
(District Court No. 02-cr-00326)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 28, 2004

Before: RENDELL, FUENTES, and SMITH, Circuit Judges.

(Opinion Filed:   October 6, 2004)
_____

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

On August 25, 2003, before the District Court of the Eastern District of Pennsylvania, Miguel Morales entered a plea of guilty to distributing heroin and aiding and abetting the distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, respectively. On November 25, 2003, Morales was sentenced to serve 46 months in prison followed by 3 years of supervised release, and to pay a one hundred dollar assessment and a one thousand dollar fine. Morales, through his attorney, filed a timely notice of appeal but has not submitted an opening brief on appeal. His counsel, L. Felipe Restrepo, has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no nonfrivolous issues from which to appeal, and further moving that he be permitted to withdraw as Morales' counsel. For the reasons set forth below, we agree that any appeal by Morales would be without merit. Accordingly, this Court will grant counsel's request to withdraw, and will affirm the judgment and sentence of the District Court.

I.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. Miguel Morales is a 47-year-old citizen of the Dominican Republic. In or around March 1999, an informant working with the U.S. Drug Enforcement Administration made contact with Morales' co-defendant, Justo Frias. The informant arranged to purchase heroin from Frias. After obtaining a sample from Frias, the informant returned to make a larger purchase. Frias told the informant that he received the heroin from

Morales. The informant asked Frias for a lower price, and was taken to meet Morales to negotiate. Morales refused to negotiate, and the informant purchased the heroin for the original price. Both Morales and Frias were arrested and indicted for, among other things, distributing heroin and aiding and abetting the distribution of heroin.

On August 25, 2003, Morales pled guilty to count three of the indictment, distributing heroin and aiding and abetting the distribution of heroin. Pursuant to a written plea agreement, the remaining counts were dismissed and Morales was sentenced to a term of 46 months in prison.

Morales filed a notice of appeal on December 8, 2003. Thereafter, L. Felipe Restrepo, counsel for Morales, filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967) and a Motion to Withdraw as Counsel. Morales has not filed a brief on his own behalf, despite having been informed of his right to file a formal or informal brief. <u>See</u> Clerk's Office Letter (Feb. 17, 2004).

## II.

In <u>Anders</u>, the Supreme Court suggested that "if, after a 'conscientious examination' of the record, counsel found no nonfrivolous issues for appeal, he or she could submit a brief 'referring to anything in the record that might arguably support the appeal.'" <u>United States v. Marvin</u>, 211 F.3d 778, 779 (3d Cir. 2000) (quoting <u>Anders</u>, 386 U.S. at 744). In <u>Marvin</u>, we expanded upon the <u>Anders</u> requirements, following the Seventh Circuit's teachings in <u>Unites States v. Tabb</u>, 125 F.3d 583 (7th Cir. 1997), by adopting the notion of "the dual

duties of counsel in the <u>Anders</u> situation." <u>Marvin</u>, 211 F.3d at 780.

The dual duties are: "(1) to satisfy the court that he or she has thoroughly scoured the record in search of appealable issues; and (2) to explain why the issues are frivolous." <u>Id.</u> Similarly, this Court must serve two roles: "(1) whether counsel adequately fulfilled the [Third Circuit Local Appellate Rule 109.2(a)'s] requirements[1]; and (2) whether an independent review of the record presents any nonfrivolous issues." <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001).

In arguing that there are no nonfrivolous issues for appeal, counsel points to three areas in which issues possibly may be raised: the District Court's jurisdiction to accept the guilty plea, the validity of the guilty plea in light of constitutional and statutory standards, and the legality of the actual sentence imposed.[2] After an independent examination of the

---

[1] Local Appellate Rule 109.2(a) states:
> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's <u>Anders</u> motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

Third Circuit L.A.R. 109.2(a).

[2] Counsel notes that, unless expressly provided otherwise, all other possible issues for appeal can be waived through a valid plea agreement, and that no exceptions were provided for here. <u>See</u> App. 26-27 (Morales waiving his general right to appeal).

record, including the transcript of the plea colloquy, the Pre-Sentencing Report and the sentencing, and counsel's <u>Anders</u> brief, it is clear that counsel has satisfied his <u>Anders</u> burden and that no nonfrivolous issues from which to appeal exist.

## A. Jurisdiction to Accept the Plea

Counsel easily disposes of any possible jurisdictional defect, noting that the crimes charged and pled to are federal crimes and that 18 U.S.C § 3231 bestows U.S. district courts with "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

## B. Validity of the Plea

The Supreme Court set forth some requirements for a valid plea in <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), the compliance with which establishes a voluntary and knowing waiver of the constitutional rights implicated by a plea. Federal Rule of Criminal Procedure 11 incorporates and expands upon these requirements, creating a list of information that a judge must impart to the defendant. <u>See</u> Fed. R. Crim. P. 11. In essence, the judge must be satisfied that a factual basis exists for the taking of the plea and that the defendant is aware of the nature of the charges against him and the consequences of entering the plea. <u>Id.</u> Here, all of those requirements were satisfied. <u>See</u> App. 19, 22, 28, 30-32, 36-36. Thus, Morales' plea entry met the relevant constitutional and statutory standards, and is valid, leaving no discernable avenues for appeal with respect to the plea.

## C. The Legality of the Sentence

Counsel explains in his brief that Morales' sentence complied with the Federal Sentencing Guidelines. The base offense level was 26, given the stipulated to quantity of heroin involved–149.75 grams. Although a 2 point increase was recommended in the pre-sentence report, a defense objection to the increase was sustained. The deduction for the acceptance of responsibility and the elimination of supervisory points resulted in a total deduction of 4 points, giving a final offense level of 21. This yielded a guideline range of 37-46 months incarceration; Morales was sentenced to the upper bound of that range. Given his lack of any prior adult convictions or juvenile adjudications, Morales received no upward adjustment of sentence due to criminal history. The fines and the supervised release are specifically authorized by statute. See 18 U.S.C. § 3013 (mandating the special assessment); 18 U.S.C. § 3571 (authorizing the fine); 21 U.S.C. § 841(b) (authorizing the supervised release). Although counsel's Anders brief was submitted prior to the Supreme Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004), we find that, regardless of that case's impact on the Sentencing Guidelines, Morales' sentence was valid, given that no upward departures were made from the determined range. See United States v. Coplin, No. 03-1570, 2004 WL 1790169, at *3 (3d Cir. Aug. 9, 2004).

## III.

For the reasons stated above, we agree with counsel that Morales has no nonfrivolous issues for appeal. Accordingly, we grant counsel's Motion to Withdraw and affirm Morales'

conviction and sentence. Further, we find that the issues discussed herein lack merit for purposes of counsel filing a petition for writ of certiorari in the U.S. Supreme Court. <u>See</u> Third Circuit L.A.R. 109.2(b) and (c); <u>see also</u> <u>Austin v. United States</u>, 513 U.S. 5 (1994).