

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# USA v. Howard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3665

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Howard" (2007). *2007 Decisions.* Paper 408.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/408

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-3665

UNITED STATES OF AMERICA

v.

YUSUF HOWARD,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 04-cr-00047
District Judge: The Honorable John R. Padova

Submitted  Pursuant to Third Circuit  L.A.R. 34.1(a)
September 19, 2007

Before: SLOVITER, SMITH, and GARTH, *Circuit Judges*

(Filed : September 21, 2007)

OPINION

SMITH, *Circuit Judge*.

After the Defendant's unsuccessful motion to suppress certain physical evidence, a jury on April 13, 2004, found Yusuf Howard guilty of (1) possession with the intent to distribute cocaine base, a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (2) using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). At sentencing on September 9, 2004, the District Court determined that Howard was an armed career criminal under United States Sentencing Guideline ("U.S.S.G.") § 4B1.4, resulting in an enhancement of his offense level to 34, his criminal history category to VI, and a guideline range of 262 to 327 months imprisonment. The District Court sentenced Howard to 262 months on each of Counts 1 and 3, to run concurrently, and 60 months on Count 2, to run consecutively, followed by a six year term of supervised release.

After filing a timely notice of appeal[1], Howard's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that no non-frivolous issues exist for appeal. Howard filed an informal brief pursuant to Third Circuit Local Appellate Rule 109.2(a).

In *Anders*, the Supreme Court recognized that the "constitutional requirement of

---

[1]The District Court exercised jurisdiction under 18 U.S.C. § 3231. Appellate jurisdiction exists under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 n.4 (3d Cir. 2006).

substantial equality and fair process" necessitates that appellate counsel make a conscientious examination for "anything in the record that might arguably support the appeal." *Id*. at 744. In *United States v. Youla*, we declared that the "duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." 241 F.3d 296, 300 (3d Cir. 2001). If review fails to reveal any non-frivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

Counsel's *Anders* brief, which contains one half of one page of argument, is woefully deficient.[2] It fails to reveal a "conscientious examination" of the record, and fails to address a non-frivolous issue regarding sentencing that Howard identifies in his informal brief. However, our review of Howard's informal brief, the Government's brief, and the record before us, which includes transcripts of the motion to suppress, the trial, and the sentencing hearing, fails to reveal any non-frivolous issue which would warrant setting aside Howard's conviction. Arguments made by counsel in the *Anders* brief and by Howard in the informal brief are addressed below.

Counsel argues in the *Anders* brief that Howard's appeal is frivolous. Counsel claims that the District Court did not commit reversible error in denying the Motion to Suppress physical evidence, because (1) the District Court's finding of witness credibility

---

[2]Moreover counsel did not appear to recognize his obligations as set out in L.A.R. 109.2 and *Austin v. United States*, 513 U.S. 5 (1994).

3

cannot be challenged, (2) the officer had cause to stop and do a protective pat down of Howard, and (3) the drugs found on Howard were found incident to arrest. With respect to a suppression order, we review the District Court's findings of fact for clear error, and exercise plenary review over its legal determinations. *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). Accordingly, we find no error in the District Court's handling of Howard's Motion to Suppress physical evidence.

Howard asserts four claims, the first three of which are frivolous and the fourth of which pertains to resentencing and is non-frivolous. First, he argues that the stop was not valid because a citation was not issued, but the record shows that a citation was issued that evening.[3] Second, he claims there was a *Miranda* violation. This claim lacks merit as Howard was never questioned while in custody. *See Miranda v. Arizona*, 384 U.S. 436, 532 (1966) (setting out custodial questioning as the requirement for when *Miranda* rights are triggered). Third, he submits that the armed career criminal enhancement of his sentence was not valid because the drugs seized did not weigh enough. This argument also lacks merit because the armed career criminal enhancement is based on Howard's § 924(e) conviction. The extent of the enhancement depends on whether possession of the firearm was in connection with a controlled substance offense. The weight of the drugs

---

[3]In connection with his first claim, Howard asserts that counsel was ineffective when he failed to raise and preserve at the suppression hearing and at the sentencing hearing the purported fact that Howard was not issued a citation. Such assertions are not ordinarily reviewable on direct appeal. *See United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) (expressing, "[i]t has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack").

Howard possessed is irrelevant.

Fourth, Howard claims that the case should be remanded to the District Court for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). The Government agrees with Howard on this resentencing claim, as do we. Having determined that the sentencing issues Howard raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.

We will grant counsel's motion to withdraw as the *Anders* brief is inadequate. We will direct the Clerk to appoint new counsel to represent Howard in any further proceedings.

An appropriate order will follow.