NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0380n.06

No. 17-5492

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 31, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| DAVID GIVHAN, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before: CLAY, STRANCH, and LARSEN, Circuit Judges.

Attorney Travis Alan Rossman moves this court to withdraw from representation of Appellant David Givhan. We appointed Rossman to represent Givhan under the Criminal Justice Act, 18 U.S.C. § 3006A. The Supreme Court has clarified that appointed counsel may be relieved from filing a frivolous petition for certiorari. *See Austin v. United States*, 513 U.S. 5, 8 (1994) (per curiam). In comparable circumstances, courts allow counsel to withdraw only after notifying the defendant of his rights and certifying that there exist no non-frivolous grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967); *see also Taylor v. United States*, 822 F.3d 84, 89 (2d Cir. 2016) ("But even in such cases, counsel has a duty to inform the defendant of the opportunity to petition pro se, and the defendant receives the protection of the court's independent determination of whether additional proceedings would be frivolous."). Our own internal operating rules provide that "[a]ppointed counsel must file a petition for a writ of certiorari in the

- 1 -

Supreme Court if the client requests it and, in counsel's considered judgment, there are grounds for seeking Supreme Court review." Sixth Circuit Internal Operating Procedure 12(c)(5).

Rossman's motion does not say whether Givhan has been informed of his right to proceed pro se. Nor does he state that there are no non-frivolous grounds for appeal. The motion states only that "Counsel will not be filing a Petition for Writ of Certiorari to the United States Supreme Court." This statement is insufficient to enable us to determine whether Rossman has satisfied his obligations to his client. Accordingly, we hereby DENY counsel's motion without prejudice.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk