Filed 2/15/23

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,
v.
JOSE DE JESUS DELGADILLO,
Defendant and Appellant.

S266305

Second Appellate District, Division Four
B304441

Los Angeles County Superior Court
BA436900

---

**ORDER MODIFYING OPINION**

THE COURT:

The majority opinion in this case, filed on December 19, 2022, and appearing at 14 Cal.5th 216, is modified as follows:

1.    Footnote 2 on page 222 presently reads:  "The brief summary of facts is drawn from the Court of Appeal's prior opinion in Delgadillo's direct appeal."  After the only sentence in that footnote, add the following text:  "We rely on that opinion solely for the purpose of summarizing the background of this case; our consideration of whether Delgadillo is entitled

1

to relief under section 1172.6 is based on our independent review of the record of conviction." As modified, the footnote reads as follows:

> The brief summary of facts is drawn from the Court of Appeal's prior opinion in Delgadillo's direct appeal. We rely on that opinion solely for the purpose of summarizing the background of this case; our consideration of whether Delgadillo is entitled to relief under section 1172.6 is based on our independent review of the record of conviction.

2. The third sentence of the only full paragraph on page 233 presently reads: "Specifically, eyewitnesses identified him as the driver of a Ford Explorer that crossed into incoming traffic and crashed into another vehicle, killing the passenger." That sentence is deleted. As modified, the paragraph reads as follows:

> Nevertheless, we determine, based on our independent review of the record, that Delgadillo is not entitled to any relief under section 1172.6. Indeed, the record here makes clear that Delgadillo was the actual killer and the only participant in the killing. At trial, defense counsel conceded that the accident occurred while Delgadillo was driving on the wrong side of the road. (See § 1172.6, subd. (a) ["A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court" to have the conviction vacated].) We affirm the Court of Appeal's holding that *Wende*

procedures are not constitutionally compelled on Delgadillo's appeal.[6]

These modifications do not affect the judgment.

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,
v.
JOSE DE JESUS DELGADILLO,
Defendant and Appellant.

S266305

Second Appellate District, Division Four
B304441

Los Angeles County Superior Court
BA436900

December 19, 2022

Justice Groban authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Corrigan, Liu, Kruger, Jenkins, and Guerrero concurred.

PEOPLE v. DELGADILLO

S266305

Opinion of the Court by Groban, J.

In *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we held the Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous. (*Id.* at p. 441.) This procedure is applicable to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution. (*Wende,* at pp. 439, 441; see *Pennsylvania v. Finley* (1987) 481 U.S. 551, 554–557 (*Finley*); *In re Sade C.* (1996) 13 Cal.4th 952, 983–984 (*Sade C.*).) In this case, we granted review to determine the procedures appointed counsel and the Courts of Appeal must follow when counsel determines that an appeal from an order denying postconviction relief under recently enacted remedial legislation lacks arguable merit and to decide whether defendants are entitled to notice of these procedures.

The Court of Appeal found that it has no duty to independently review an order denying a petition for postconviction relief under Penal Code former section 1170.95, which defendant Jose De Jesus Delgadillo filed here, when appointed counsel submits notice that the appeal lacks arguable

1

merit.[1]  The Court of Appeal concluded that since Delgadillo's appeal does not implicate a constitutional right to counsel, the procedures set out in *Wende* do not apply.  (*Finley, supra,* 481 U.S. at pp. 556–557; *Sade C., supra,* 13 Cal.4th at p. 978.) We agree with the Court of Appeal as to this issue.

We further exercise our inherent supervisory powers to establish the appellate procedures and the requirements for providing notice to a defendant before a Court of Appeal dismisses an appeal from the denial of a petition under section 1172.6.  When counsel submits notice that such an appeal lacks arguable merit, the Court of Appeal should provide notice to the defendant that counsel was unable to find any arguable issues; the defendant may file a supplemental brief or letter raising any argument the defendant wishes the court to consider; and if no such supplemental brief or letter is timely filed, the court may dismiss the appeal as abandoned.  In this case, although the Court of Appeal did provide notice to Delgadillo, the notice was suboptimal because it indicated that the *Wende* procedures would apply when they did not, and it did not inform Delgadillo that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed.  However, based on our own independent review of the record, which we undertake voluntarily in the interest of judicial economy, we determine that Delgadillo is not entitled to relief under section 1172.6.

---

[1]  Assembly Bill No. 200 (Reg. Sess. 2021–2022; Assembly Bill 200) has since renumbered section 1170.95 as section 1172.6.  (See Stats. 2022, ch. 58, § 10.)  For clarity, we refer simply to section 1172.6 throughout the discussion section.  All undesignated statutory references are to the Penal Code.

## I. BACKGROUND

On the afternoon of May 27, 2015, Delgadillo's Ford Explorer crossed into incoming traffic and collided head on into a Mazda sedan occupied by a driver and passenger in the front two seats.[2]  The passenger died from injuries sustained in the accident.  The driver of the Ford Explorer, later identified as Delgadillo, fled the scene on foot, and a police dog located him hiding in a building nearby.  Approximately two and a half hours after the accident, two breath tests showed Delgadillo's blood-alcohol level to be .13 and .14 percent.  Two hours later, Delgadillo provided a blood sample that showed a blood-alcohol level of .13 percent.

A jury convicted Delgadillo of second degree murder under an actual implied malice theory (§ 187, subd. (a)) and gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)). The jury also found true allegations that Delgadillo fled the scene (Veh. Code, § 20001, subd. (c)) and had two prior convictions for driving while under the influence of alcohol (Veh. Code, § 23152).  The court sentenced Delgadillo to a term of 15 years to life.  The judgment was affirmed on appeal.

After the appeal was final, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437; Stats. 2018, ch. 1015) went into effect and barred a conviction for murder under the natural and probable consequences theory as well as limited the scope of the felony-murder rule.  (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2; § 189; see *People v. Gentile* (2020) 10 Cal.5th 830, 838.)  This change in the law was "to ensure that

---

[2]  The brief summary of facts is drawn from the Court of Appeal's prior opinion in Delgadillo's direct appeal.

murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill 1437, § 1, subd. (f).) Senate Bill 1437 further created a procedure under former section 1170.95 for persons convicted of felony murder or murder under a natural and probable consequences theory to petition for retroactive relief.[3]

Delgadillo filed a petition for resentencing pursuant to this new law. After the cause was submitted upon written briefing, the superior court denied the petition at a hearing. The superior court found no "grounds whatsoever for re-sentencing" because "defendant was the actual and only participant" in the crime. An order to show cause did not issue.

Delgadillo filed an appeal. Appointed counsel found no arguable issues in the appeal and filed a brief in accordance with the procedures outlined in *Wende*. The brief set out the procedural history and relevant facts of the case and requested that the Court of Appeal conduct an independent review of the

---

[3] The Legislature has since amended former section 1170.95 with the passage of Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775; Stats. 2021, ch. 551). Senate Bill 775 codified and clarified *People v. Lewis* (2021) 11 Cal.5th 952, 961–972 (*Lewis*), reaffirmed that beyond a reasonable doubt is the proper burden of proof for a former section 1170.95 resentencing hearing, and expanded former section 1170.95's provisions to apply also to persons convicted of attempted murder or manslaughter. (Sen. Bill 775, § 1, subds. (a)–(d).) As mentioned above, with the passage of Assembly Bill 200, the Legislature then renumbered former section 1170.95 to section 1172.6 without any further substantive change. (See *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.)

record in accordance with *Wende*. In an accompanying declaration, counsel stated she had advised Delgadillo by letter "that a brief on his behalf would be filed according to the procedures outlined" in *Wende* and that he would receive a copy of the brief. Counsel further stated she had also advised Delgadillo that "he may personally file a supplemental brief" raising "any points which he chooses to call to the court's attention" and that she had provided him with the record.

The Court of Appeal directed counsel to send the record and a copy of appointed counsel's brief to Delgadillo. The Court of Appeal sent notice to Delgadillo and counsel that "[c]ounsel appointed to represent appellant on appeal has filed appellant's opening brief. Counsel's inability to find any arguable issues may be readily inferred from the failure to raise any. (*People v. Wende*[, *supra,*] 25 Cal.3d [at p.] 442.) [¶] Appointed counsel is directed to send the record on this appeal and a copy of appellant's opening brief to appellant immediately. Within 30 days of the date of this notice, appellant may submit by brief or letter any grounds of appeal contentions, or argument which appellant wishes this court to consider." Delgadillo did not submit a brief or letter within the requisite time.

Following *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278 (*Cole*), the Court of Appeal found, "[T]he procedures set forth in *Wende* are not constitutionally compelled if a criminal defendant's appeal is not his or her initial appeal of right." (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.].) Since Delgadillo did not file a brief or letter, the Court of Appeal presumed the order appealed from was correct and dismissed Delgadillo's appeal as abandoned without conducting an independent review. The

Court of Appeal denied Delgadillo's petition for rehearing.  We then granted review.

## II. DISCUSSION

### A. *Wende* Procedures

The Attorney General argues that *Wende* and related cases are designed to protect only the indigent criminal defendant's constitutional right to counsel on direct appeal from a criminal conviction.  We agree that since Delgadillo's appeal from the denial of his petition does not implicate a constitutional right to counsel, the procedures set out in *Wende* do not apply.

The prophylactic procedures in *Wende* are "relevant when, and only when, a litigant has a previously established constitutional right to counsel."  (*Finley, supra*, 481 U.S. at p. 555.)  Criminal defendants have a right to the effective assistance of counsel on the first appeal granted as a matter of right from a criminal conviction.  (*Evitts v. Lucey* (1985) 469 U.S. 387, 394 ["right to counsel is limited to the first appeal as of right"]; *Douglas v. California* (1963) 372 U.S. 353, 356.)  In *Anders v. California* (1967) 386 U.S. 738 (*Anders*), the United States Supreme Court considered "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal."  (*Id.* at p. 739.)  In the state appellate court, court-appointed counsel concluded, after reviewing the record and consulting petitioner, that an appeal of the conviction had no merit.  (*Ibid.*)  Counsel advised the court by letter that the appeal had no merit and that petitioner wished to file a pro se brief.  (*Id.* at pp. 739–740.)  After the pro se brief was filed, the court affirmed the conviction.  (*Id.* at p. 740.)  The United States

Supreme Court ultimately reversed, concluding that the procedure was inadequate under the Fourteenth Amendment. (*Anders,* at p. 741.)

The high court reasoned, "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate [o]n behalf of his client, as opposed to that of *amicus curiae.* The no-merit letter and the procedure it triggers do not reach that dignity. . . . Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." (*Anders, supra,* 386 U.S. at p. 744, fn. omitted.)

Subsequently, in *Wende*, *supra*, 25 Cal.3d 436, we "approved a modified procedure to ensure an indigent criminal defendant's right to effective assistance of counsel." (*People v. Kelly* (2006) 40 Cal.4th 106, 118.) In *Wende*, counsel filed a brief that summarized the proceedings and facts, raised no specific issues, and requested that the court review the entire record to determine whether there were any arguable issues. Counsel submitted a declaration stating that he had advised defendant of the nature of the brief, that he would send defendant a copy of the brief, and that he had informed defendant that the court would permit him to file a brief on his own behalf. Counsel also stated that he would advise his client that he could move to have counsel relieved. The defendant did not file a brief. (*Wende*, at

p. 438.) Ultimately, after undertaking "a review of the entire record in this case," a "thorough review of the merits," and hearing oral argument, we affirmed the judgment. (*Id.* at p. 443.) In the process, we interpreted *Anders* to require that "[t]he court itself must expressly determine whether the appeal is wholly frivolous. Since the court's concern [in *Anders*] was with not merely accepting counsel's assessment of the case, it follows that the determination and concomitant review of the entire record must be made regardless of whether the defendant has availed himself of the opportunity to submit a brief." (*Id.* at p. 441.)

The United States Supreme Court approved our *Wende* procedure in *Smith v. Robbins* (2000) 528 U.S. 259, 276. The high court reasoned that the equal protection clause of the Fourteenth Amendment and the due process clause of that amendment "largely converge to require that a State's procedure 'affor[d] adequate and effective appellate review to indigent defendants,' [citation]. A State's procedure provides such review so long as it reasonably ensures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal." (*Robbins,* at pp. 276–277.) The high court concluded that "the *Wende* procedure reasonably ensures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal." (*Id.* at pp. 278–279.) Specifically, *Wende* provides at least two tiers of review and "ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case." (*Id.* at p. 281.)

However, the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the

appointment of counsel for that appeal. (*Finley, supra*, 481 U.S. at pp. 556–557; *Sade C., supra*, 13 Cal.4th at p. 978; see also *Austin v. United States* (1994) 513 U.S. 5, 8.) This is because "there is no constitutional right to the effective assistance of counsel" in state postconviction proceedings. (*People v. Boyer* (2006) 38 Cal.4th 412, 489; see *People v. Young* (2005) 34 Cal.4th 1149, 1232–1233; *People v. Kipp* (2001) 26 Cal.4th 1100, 1139–1140; *Coleman v. Thompson* (1991) 501 U.S. 722, 755 (*Coleman*).) "*Anders* established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel." (*Finley,* at p. 555.) "Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. See *Fay v. Noia*, 372 U.S. 391, 423–424 (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, cf. *United States v. MacCollom*, 426 U.S. 317, 323 (1976) (plurality opinion), and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." (*Finley,* at pp. 556–557.) After the first appeal as a right, "the Constitution does not put the State to the difficult choice between affording no counsel whatsoever or following the strict procedural guidelines annunciated in *Anders*." (*Id.* at p. 559.)

"*Anders*'s 'prophylactic' procedures are limited in their applicability to appointed appellate counsel's representation of an indigent criminal defendant in his first appeal as of right. (*Pennsylvania v. Finley, supra*, 481 U.S. at pp. 554–559 [95 L.Ed.2d at pp. 545–549]; see *Anders v. California, supra,*

386 U.S. at pp. 739, 741–742, 744–745 [18 L.Ed.2d at pp. 495, 496–497, 498–499]; see also *Austin v. U.S., supra,* 513 U.S. at p. [8] [130 L.Ed.2d at p. 223, 115 S.Ct. at p. 381].)  They do not extend to an appeal, even on direct review, that is discretionary. (See *Austin v. U.S., supra,* 513 U.S. at p. [8] [130 L.Ed.2d at p. 223, 115 S.Ct. at p. 381].)  A fortiori, they do not reach collateral postconviction proceedings."   (*Sade C., supra,* 13 Cal.4th at p. 978 [*Anders* and *Wende* do not apply to an indigent parent appealing a child custody or parental status decision]; see also *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535 (*Ben C.*) [*Anders* and *Wende* do not apply to conservatorship proceedings under the Lanterman-Petris-Short Act].)  The reasoning that led to the procedures in *Anders* and *Wende* thus does not apply to Delgadillo's postconviction proceeding here.

Furthermore, we have recently affirmed the proposition, specifically in the context of section 1172.6, that "[t]here is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction."  (*Lewis, supra,* 11 Cal.5th at p. 972, citing *In re Barnett* (2003) 31 Cal.4th 466, 475 [no federal or state "constitutional right to counsel for seeking collateral relief from a judgment of conviction via state habeas corpus proceedings"]; *People v. Shipman* (1965) 62 Cal.2d 226, 232 (*Shipman*) [observing the same in the context of *coram nobis* relief]; *Finley, supra,* 481 U.S. at p. 557 [concluding "respondent has no underlying constitutional right to appointed counsel in state postconviction proceedings"].)  As Delgadillo concedes, there is no federal constitutional right to counsel under subdivision (c) of section 1172.6, and the right to

counsel at that point in the proceedings is purely statutory.[4] Given there is no constitutional right to counsel in a proceeding under section 1172.6, subdivision (c), it would "defy logic" to conclude there is a constitutional right to counsel "to appeal [that] state collateral determination." (*Coleman, supra*, 501 U.S. at pp. 756, 757.) Courts below have uniformly agreed that *Wende* procedures are not constitutionally required on an appeal from a denial of a postconviction petition under section 1172.6. (See *People v. Griffin* (2022) 85 Cal.App.5th 329, 333; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870 (*Figueras*); *People v. Scott* (2020) 58 Cal.App.5th 1127, 1130–1131, review granted March 17, 2021, S266853 (*Scott*); *People v. Gallo* (2020) 57 Cal.App.5th 594, 598–599; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 (*Allison*); *Cole, supra*, 52 Cal.App.5th at pp. 1028, 1039, review granted; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273 (*Flores*).) Indeed, at oral argument, Delgadillo's counsel abandoned the position that federal constitutional principles require *Wende* review in this case.

We have noted that a defendant can have a constitutional due process right to the appointment of counsel in habeas corpus or *coram nobis* proceedings after a defendant establishes a prima facie case for postconviction relief. (*Lewis, supra*, 11 Cal.5th at p. 973 [" 'if a [habeas corpus] petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns' "], quoting *In re Clark* (1993) 5 Cal.4th 750, 780; *Shipman, supra*, 62 Cal.2d at p. 232

---

[4] Subdivision (c) of section 1172.6 describes the process for determining whether a prima facie case for relief has been made.

[when "an indigent petitioner has stated facts sufficient to satisfy the court that a hearing is required, his claim can no longer be treated as frivolous and he is entitled to have counsel appointed to represent him"].)  The questions raised in such cases that attack the validity of the original conviction "are as crucial as those that may be raised on direct appeal." (*Shipman,* at p. 231.)  Our *Shipman* precedents have never extended the right to counsel to an appeal from a ruling in an ameliorative legislative scheme.  In any event, an order to show cause did not issue in this case, and Delgadillo did not establish a prima facie case for section 1172.6 relief.  (See *Shipman,* at p. 232 ["in the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed either in the trial court or on appeal from a summary denial of relief in that court"].)  *Anders* and *Wende*, accordingly, do not apply in this case.

Rather than rely upon constitutional right to counsel principles that would compel *Wende* review, Delgadillo alternatively contends that general due process principles requiring fundamental fairness constitutionally mandate *Wende*-type procedures for his appeal under the test set forth in *Lassiter v. Department of Social Services* (1981) 452 U.S. 18, 27.  "[D]ue process does not call for the same procedures in every situation.  Instead, ' "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." ' " (*People v. Tilbury* (1991) 54 Cal.3d 56, 68.)  "[W]e evaluate and balance these three elements in order to determine whether the Fourteenth Amendment's due process clause requires *Anders*'s 'prophylactic' procedures for fundamental fairness:  (1) the private interests at stake; (2) the state's interests involved; and (3) the risk that the absence of the procedures in question will lead to an erroneous resolution of

the appeal." (*Sade C., supra,* 13 Cal.4th at p. 987; see also *Lassiter,* at p. 27; *Mathews v. Eldridge* (1976) 424 U.S. 319, 335.)

We note at the outset that the *Lassiter* test has more typically been applied to determine whether *Anders* and *Wende* should be extended to protect a right to counsel that has already been identified, which is not the case here. (E.g., *Sade C., supra,* 13 Cal.4th at p. 986.) It is unclear whether *Lassiter* has any role where, as here, the United States Supreme Court has already determined that the right to effective assistance of counsel does not extend to postconviction proceedings generally. (See *Finley, supra,* 481 U.S. at p. 557.) Nonetheless, the parties do not dispute that the *Lassiter* balancing test should be applied here in determining whether *Wende* procedures should be applied to section 1172.6 appeals. At oral argument, Delgadillo's counsel argued that *Lassiter* provided the appropriate framework following the examples of *Sade C., supra,* 13 Cal.4th 952 and *Ben C., supra,* 40 Cal.4th 529. He argued that these cases suggest that even after we determined that *Anders*/*Wende* did not apply directly to the circumstances before the court, we then went on nonetheless to determine whether the *Lassiter* test favored extending *Anders/Wende* prophylactic procedures to the new context. (*Sade C.,* at pp. 986–991; *Ben C.,* at pp. 537–543].) We need not decide whether the *Lassiter* test must be applied here given *Finley*'s determination that the right to effective assistance of counsel does not extend to postconviction proceedings generally. We apply the *Lassiter* balancing test here only because the parties assume its applicability, and we do not now decide its applicability to the current circumstances.

In any event, general due process principles requiring fundamental fairness do not alter the outcome. Applying the first factor, "[i]n an appeal from a denial of a section [1172.6]

petition, the private interests at stake are the liberty interests of the person who may be in custody and seeking release." (*Flores, supra*, 54 Cal.App.5th at p. 274.) The potential for relief under section 1172.6 from a prior murder, attempted murder, or manslaughter conviction is a "significant" interest. (*Ben C., supra*, 40 Cal.4th at p. 540.) We agree with Delgadillo that this factor weighs in his favor.

The state, however, also has an interest in an "economical and expeditious resolution" of an appeal from a decision that is "presumptively accurate and just." (*Sade C., supra*, 13 Cal.4th at p. 990.) Independent review in *Wende* appeals consumes substantial judicial resources. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503 (*Serrano*).) Though not as onerous as independent review on direct appeal, requiring appellate courts to independently review the records of numerous postconviction appeals after appointed counsel found no arguable issues would still impose a significant burden on the court system.

Ultimately, "[t]he salient question here is whether the absence of the *Anders/Wende* procedures significantly increases the risk of erroneous resolutions." (*Ben C., supra*, 40 Cal.4th at p. 538.) Delgadillo and the Office of State Public Defender cite a handful of cases, mostly unpublished, where the Court of Appeal identified (or, they contend should have identified meritorious issues) in a section 1172.6 appeal, even though a no-issue brief was filed. However, this largely anecdotal recitation of errors ignores the broader procedural protections already in place. To proceed to an evidentiary hearing, there is only a "limited" prima facie inquiry. (*Lewis, supra*, 11 Cal.5th at p. 971.) The " 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.) In all cases, the superior court will review the petition before deciding the matter. While

section 1172.6 does not require the appointment of counsel on appeal, some courts have a routine practice of appointing counsel to represent defendants appealing from the denial of postconviction relief. (See, e.g., *Cole, supra*, 52 Cal.App.5th at p. 1029, review granted.) As Delgadillo concedes in arguing for a more limited review, appellate courts can often readily confirm that a defendant is ineligible for relief as a matter of law without conducting an independent review of the entire record. As discussed below, the defendant is also permitted to file a supplemental brief if counsel files a brief raising no arguable issues. As also detailed below, if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice.

Indeed, the procedures implemented with respect to Delgadillo's petition demonstrate the elaborate protections already in place. After the appointment of counsel, a review of the record, briefing, and a hearing, the superior court concluded Delgadillo was ineligible for relief as a matter of law because the record showed he was the actual and only participant in the crime. On appeal from that determination, Delgadillo again had the assistance of appointed counsel, who again examined the record and determined there were no grounds upon which to challenge the superior court's determination. The Legislature has already given petitioners broad access to counsel in the superior courts (*Lewis, supra*, 11 Cal.5th at p. 968) and considered the competing policy considerations in enacting the postconviction procedures in section 1172.6. (*Lewis*, at p. 969 [the "legislative background shows the Legislature did, in fact, engage in the exact type of cost-benefit assessment and policy determination it was entitled to make"].) Accordingly, once appointed counsel here concluded there are no arguable issues,

"the value of applying the procedures required by our decision in *Wende* in criminal appeals is 'too slight to compel their invocation.'" (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844, quoting *Sade C., supra*, 13 Cal.4th at p. 991.)

Delgadillo argues that the state Constitution provides its own due process guarantee and that we are free to interpret it to afford more protection of a defendant's rights than is required under the federal Constitution. However, for similar reasons, the Court of Appeal's refusal to undertake an independent review of the record does not violate the due process clause of article I, section 7, subdivision (a), of the California Constitution because, again, the balance of interests and risks does not mandate such a procedure. The analysis under the state constitutional provision would take into account not only the three elements discussed above, "but also, under the first, 'the dignitary interest in informing individuals of the nature, grounds and consequences of the [governmental] action [in question] and in enabling them to present their side of the story before a responsible governmental official . . . .'" (*Sade C., supra*, 13 Cal.4th at p. 991, fn. 18, quoting *People v. Ramirez* (1979) 25 Cal.3d 260, 269 (plur. opn. of Mosk, J.).) However, independent review does not further an individual's dignitary interest when counsel has already been given an opportunity to present any arguments, found no issues warranting briefing, and the defendant was notified that counsel found no issues but that the defendant could file supplemental briefing presenting

any arguments. We therefore find that the procedures set out in *Wende* do not apply to Delgadillo's appeal.[5]

### B. Procedures Required in Section 1172.6 Proceedings

The Attorney General and Delgadillo both suggest that we prescribe guidance for counsel and courts to follow in postconviction appeals where counsel finds no arguable issues. The Attorney General also notes that the appropriate procedures may vary depending on the particular context. We agree that it is possible that some more unusual postconviction context will call for additional or more specialized requirements. We agree though that we should invoke our inherent supervisory powers to prescribe a few basic procedures going forward, while leaving it to the Courts of Appeal to tailor and develop any additional procedures as they see fit. (See *Robinson v. Lewis* (2020) 9 Cal.5th 883, 899 ["This court has 'inherent authority to establish "rules of judicial procedure" ' "].)

On an appeal from the denial of a section 1172.6 petition, we therefore prescribe the following framework. When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that

---

[5] In this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations. (E.g., *Coleman, supra,* 501 U.S. at p. 755 [not answering whether "an exception to the rule of *Finley*" provides for a right to effective counsel in state postconviction proceedings "where state collateral review is the first place a prisoner can present a challenge to his conviction"]; *Martinez v. Ryan* (2012) 566 U.S. 1, 8 [not resolving the question *Coleman* "left open" of "whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial"].)

determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. (*Scott, supra*, 58 Cal.App.5th at p. 1131, review granted; *Serrano, supra*, 211 Cal.App.4th at p. 503; *Cole, supra*, 52 Cal.App.5th at p. 1039, review granted; *Figueras, supra*, 61 Cal.App.5th at p. 112, review granted.)

If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. (*Cole, supra*, 52 Cal.App.5th at p. 1028, review granted; *Figueras, supra*, 61 Cal.App.5th at p. 113, review granted.) If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. (*Serrano, supra,* 211 Cal.App.4th at pp. 503–504.) If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter. (*Ben C., supra*, 40 Cal.4th at p. 544.) While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal. (*Scott, supra*, 58 Cal.App.5th at p. 1131, review granted; *Figueras,* at p. 113, fn. 2, review granted.)

The procedures announced here, however, are not intended to be exhaustive, and the Courts of Appeal are well suited to identify any additional procedures for counsel and courts to follow in postconviction appeals where counsel finds no

arguable issues. The Courts of Appeal are free to adopt additional procedures as they see fit.

## C. Notice of the Procedures the Court of Appeal Employed

Delgadillo argues the Court of Appeal provided inadequate notice of its procedures in violation of due process within the meaning of the Fourteenth Amendment. He contends that the court should have notified his counsel that involuntary dismissal was being considered and requested briefing on that issue. The Attorney General counters that Delgadillo had adequate notice and every reason to anticipate that his appeal could be dismissed.

We conclude that the notice provided in this case was suboptimal. Delgadillo's counsel did file a brief raising no arguable issues. The Court of Appeal also sent Delgadillo notice of his right to file a supplemental brief, and yet he declined to do so. However, the notice the Court of Appeal sent Delgadillo and counsel affirmatively cited *Wende* after Delgadillo's counsel had filed a brief pursuant to *Wende*. The court advised Delgadillo by letter that "[c]ounsel appointed to represent appellant on appeal has filed appellant's opening brief. Counsel's inability to find any arguable issues may be readily inferred from the failure to raise any. (*People v. Wende*[, *supra*, ] 25 Cal.3d [at p.] 442.)" This notice directly implicates the core holding of *Wende*: "We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally."

(*Wende,* at pp. 441–442.) Delgadillo reasonably could have concluded from this notice that the *Wende* procedures would apply and that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief — even though the Court of Appeal later determined, without providing an opportunity to be heard on the matter, that *Wende* was inapplicable. The notice further did not inform Delgadillo that the appeal would be dismissed as abandoned if no supplemental brief or letter were filed. While arguing that the notice was adequate, the Attorney General concedes that the court should ordinarily "give the appellant clear notice that the court will dismiss the appeal as abandoned if no supplemental brief is received." We therefore conclude that the notice in this case was suboptimal.

Nevertheless, we determine, based on our independent review of the record, that Delgadillo is not entitled to any relief under section 1172.6. Indeed, the record here makes clear that Delgadillo was the actual killer and the only participant in the killing. Specifically, eyewitnesses identified him as the driver of a Ford Explorer that crossed into incoming traffic and crashed into another vehicle, killing the passenger. At trial, defense counsel conceded that the accident occurred while Delgadillo was driving on the wrong side of the road. (See § 1172.6, subd. (a) ["A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court" to have the conviction vacated].) We affirm the Court of Appeal's holding that *Wende*

procedures are not constitutionally compelled on Delgadillo's appeal.[6]

### III. DISPOSITION

For the reasons discussed above, the judgment of the Court of Appeal is affirmed.

**GROBAN, J.**

**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**
**JENKINS, J.**
**GUERRERO, J.**

---

[6]     We are choosing to conduct independent review in the interest of judicial economy, but we emphasize that the decision to conduct independent review is solely up to the discretion of the Courts of Appeal and is not required.  In light of our own independent review of the record, we do not reach the constitutional question raised by Delgadillo of whether the notice he received violated due process.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Delgadillo

_____

**<u>Procedural Posture</u>** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)**
**Review Granted (unpublished)** XX NP opn. filed 11/18/20 – 2d Dist. Div. 4
**Rehearing Granted**

_____

**Opinion No.** S266305
**Date Filed:**  December 19, 2022

_____

**Court:**  Superior
**County:**  Los Angeles
**Judge:**  Katherine Mader

_____

**Counsel:**

Nancy J. King and Eric R. Larson, under appointments by the Supreme Court, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael J. Mongan, State Solicitor General, Lance E. Winters, Chief Assistant Attorney General, Janill L. Richards, Principal Deputy State Solicitor General, Julie L. Garland and Charles Ragland, Assistant Attorneys General, Samuel P. Siegel, Deputy State Solicitor General, Lynne G. McGinnis, Deputy Attorney General, and Amari L. Hammonds, Associate Deputy State Solicitor General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Eric R. Larson
Attorney at Law
330 J Street, #609
San Diego, CA 92101
(619) 238-5575

Samuel P. Siegel
Deputy State Solicitor General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3917