Filed 12/21/23  P. v. Gonzalez CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082083 |
| v. | (Super.Ct.No. RIF146726) |
| RUPERTO CORTEZ GONZALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On October 27, 2009, a jury found defendant and appellant Ruperto Cortez Gonzalez guilty of attempted murder (Pen. Code, §§ 664, 187, subd. (a), count 1)[1]  and

---

[1]  All further statutory references are to the Penal Code.

1

assault with a firearm (§ 245, subd. (a)(2), count 3). The jury also found true an allegation attached to the count 1 offense that defendant personally discharged a firearm proximately causing great bodily injury. (§ 12022.53, subd. (d).) As to the count 3 offense, the jury found true an allegation that defendant personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)). The court sentenced defendant to an indeterminate term of imprisonment of life with the possibility of parole, plus a consecutive term of 25 years to life.[2] (*Gonzalez I*, *supra*, E050275; *Gonzalez II*, *supra*, E074482.)

On October 17, 2022, defendant filed a second form petition for resentencing pursuant to former section 1170.95.[3] (*Gonzalez II*, *supra*, E074482.) At a prima facie hearing on September 1, 2023, the trial court denied the petition after reviewing the jury instructions and finding that the jury did not convict defendant on a theory of imputed malice.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case and identifying one potentially arguable issue: whether the court erred in denying defendant's petition after reviewing the jury instructions presented at defendant's trial.

[2] We take judicial notice of our prior nonpublished opinions from defendant's appeal from the original judgment (*People v. Gonzalez* (May 31, 2011, E050275) (*Gonzalez I*)), and his appeal from his first former section 1170.95 petition (*People v. Gonzalez* (July 27, 2020, E074482) (*Gonzalez II*)), the former of which the People requested the court below take judicial notice.

[3] Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

We gave defendant the opportunity to file a personal supplemental brief.  We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one.  Under these circumstances, we have no obligation to independently review the record for error.  (*Delgadillo*, *supra*, 14 Cal.5th. at pp. 224-231.)  Rather, we dismiss the appeal.  (*Id*. at pp. 231-232.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

I concur:

MENETREZ
J.

3

[*People v. Gonzalez*, E082083]

RAMIREZ, P.J.

I respectfully dissent. Defendant had the benefit of an independent review of the record in his appeal from the July 2020 denial of his first section 1170.95 (now renumbered as 1172.6) petition. (*People v. Gonzalez* (July 27, 2020, E074482) [nonpub. opn.].) Since then, however, Penal Code section 1172.6 was amended to expand its reach to include, inter alia, persons convicted of murder under any theory under which malice is imputed to a person based solely on that person's participation in a crime and persons convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 2 (Sen. Bill No. 775), eff. Jan. 1, 2022.) In view of the amendments and for the reasons set forth in *People v. Griffin* (2022) 85 Cal.App.5th 329, I would exercise the discretion afforded by our Supreme Court in *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 to conduct an independent review of the record.


RAMIREZ

                          P. J.

1