Filed 4/20/23  P. v. Gore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096965 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F01551) |
| v. | |
| ANTONIO GORE, | |
| Defendant and Appellant. | |

Defendant Antonio Gore appeals the trial court's denial of his petition for resentencing under former Penal Code section 1170.95 (now section 1172.6).[1]  Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216, but nonetheless requesting we exercise our discretion to review the entire record for arguable issues on appeal.

---

[1]     Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.

On February 4, 2023, appellate counsel wrote defendant, explaining she would be filing a *Delgadillo* brief, and if defendant failed to file a propria persona supplemental brief, his appeal would likely be dismissed. On February 6, 2023, this court sent a letter notifying defendant: 1) his counsel filed an appellate brief stating her review of the record did not identify any arguable issues; 2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and 3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we reiterated if this court did not receive a letter or brief within that 30-day period, his appeal could be dismissed as abandoned. More than 30 days have elapsed, and we have received no communication from defendant.

We consider defendant's appeal abandoned and order the appeal dismissed. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The appeal is dismissed.

_____\s\_____,
McADAM, J.*

We concur:

_____\s\_____,
MAURO, Acting P. J.

_____\s\_____,
DUARTE, J.

---

\*     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.