Filed 6/20/23  P. v. Drawn CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT DRAWN,<br><br>        Defendant and Appellant. | A166794<br><br>(Alameda County<br>Case No. 173278) |

Robert Drawn appeals an order denying his petition for resentencing under former Penal Code section 1170.95,[1] now section 1172.6.[2]  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 2015, a jury convicted Drawn of first degree murder (§ 187, subd. (a)) for shooting Waleed Wheatfall, attempted murder (§§ 664/187, subd. (d)) in connection with the shooting of K. Robinson, and other charges. The jury also found true enhancements for personal use and discharge of a firearm (§§ 12022.5, subd. (a)(1), 12022.53, subds. (c), (d)).  Drawn was sentenced to decades in prison, but the exact length of his sentence is not

---

[1]     All further statutory references are to the Penal Code.
[2]     Section 1170.95 of the Penal Code was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering.

clear from the record provided.[3]  Drawn appealed, and this court corrected two sentencing errors but otherwise affirmed the judgment.  (*People v. Drawn* (May 30, 2017, A147250) [nonpub. opn.].)

In February 2022, Drawn filed a form petition for resentencing.  The petition alleged he had been charged under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; he was convicted of murder or attempted murder following a trial; and he could not now be convicted of murder or attempted murder because of changes made to sections 188 and 189 effective January 1, 2019.  The trial court appointed counsel and directed the parties to file briefs addressing whether Drawn made a prima facie showing of his entitlement to relief under section 1172.6.  The People opposed the resentencing petition and submitted copies of the court's instructions to the jury and the jury's verdict forms.  Drawn filed a reply which included the information setting forth the charges against him.

Following a hearing, the trial court denied the resentencing petition.  The court explained: "I do find that based on a review of the jury instructions . . . it appears to me that the types of instructions that had to be given as a prerequisite to relief under 1172.6, that being some sort of

---

[3]  Drawn was initially sentenced to 84 years-to-life.  (*People v. Drawn* (May 30, 2017, A147250) [nonpub. opn.].)  We made corrections to that sentence, but those corrections applied only to the terms that ran concurrent to the sentences for the murder and attempted murder convictions.  (*Ibid.*)  The CR-292 abstract of judgment in the record, dated December 15, 2022 – the only one in the record – refers only to the indeterminate sentence for his murder conviction, and appellate counsel's brief states that Drawn was sentenced to 50-years-to life.

vicarious liability or imputed . . . malice instruction, specifically having in mind aiding and abetting and felony murder instructions, something in that range. No such instructions were given. For that reason, I find that no prima facie case has been made." Drawn appealed.

Drawn's appointed appellate counsel filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) which raised no specific contentions on appeal but suggested we conduct an independent review of the record at our own discretion in the interests of justice. Relying on *Delgadillo*, we informed Drawn of his right to file a supplemental letter or brief raising any issues he chose to call to our attention. We also informed him that his appeal could be dismissed as abandoned if he did not file a timely supplemental brief.

Drawn filed a supplemental brief which attached and incorporated by reference the reply brief he filed in the trial court.[4] We address his arguments below.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (SB 1437) " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*), superseded in other part by statute, as stated in *People v. Birdsall* (2022) 77 Cal.App.5th 859, 866, fn. 19.) The Legislature accomplished this in

---

[4] Drawn captioned his brief "Request for Leave to File Supplemental Opening Brief" and requested we grant him leave to file it. As no request was needed, the brief was filed and we have considered it.

3

part by substantively amending sections 188 and 189. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Section 189, subdivision (e), now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (§ 189, subd. (e).)

Effective January 1, 2022, Senate Bill No. 775 (SB 775) expanded eligibility for resentencing relief. (*People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.) Those eligible for relief now include persons charged and/or convicted of attempted murder under a theory of felony murder or the natural and probable consequences doctrine. (§ 1172.6, subd. (a); *People v. Porter* (2022) 73 Cal.App.5th 644, 650, 651–652 [observing SB 775 amended section 1172.6 to " '[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and]

4

probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories' "].)

SB 1437 also created a procedure for offenders previously convicted of felony murder or murder under the natural and probable consequences doctrine to seek retroactive relief if they could no longer be convicted of murder under the new law. (§ 1172.6, subd. (a); *Gentile, supra*, 10 Cal.5th at p. 843; *Lewis, supra*, 11 Cal.5th at p. 959; *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) "[T]he process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . [s]ection 188 or 189 made effective January 1, 2019." (*Strong*, at p. 708.) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Ibid*.)

In assessing whether a prima facie showing was made, the court " 'can and should make use of the record of conviction.' " (*Lewis, supra*, 11 Cal.5th at p. 971.) That record includes jury instructions. (*People v. Coley* (2022) 77 Cal.App.5th 539, 546–548; *People v. Cortes* (2022) 75 Cal.App.5th 198, 204–206.) It also includes verdict forms. (*People v. Harden* (2022) 81 Cal.App.5th 45, 59.) The prima facie inquiry is limited. The court takes the petition's factual allegations as true and preliminarily assesses whether, if proven, they would entitle the petitioner to relief. But if the record of conviction, including the court's own documents, establishes facts conclusively refuting the

petition's allegations, the court need not treat them as true. (*Lewis*, *supra*, at p. 971.)

Under *Delgadillo*, *supra*, 14 Cal.5th 216, if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid.* ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."])

In his supplemental brief, Drawn asserts "that because there is no special verdict reflecting which theory the jury based its finding of guilt upon, and the jury was not instructed that it must unanimously agree regarding the theory of liability for murder, there is no way to ascertain whether the jury relied on the invalid theory of first degree murder." He adds that "the standard for evaluating 'alternative theory error' of this sort is that the error must be harmless beyond a reasonable doubt," citing *Chapman v. California* (1967) 386 U.S. 18, 24.

As an initial matter, Drawn cites no authority to support his argument that the absence of a special verdict and unanimity instruction prevents us from ascertaining whether the jury relied on an invalid theory of first degree murder. " '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Accordingly, we deem the assertion raised in his supplemental brief forfeited.

6

Even if we were to consider Drawn's contentions, his claims are belied by the record of conviction, which establishes Drawn was not convicted under a now-invalid theory of murder or attempted murder. In relevant part, the resentencing statute requires that the defendant was "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) At trial, the court instructed the jury with CALJIC 8.10, the instruction on first degree murder under section 187, which required the prosecutor to prove Drawn killed Wheatfall with malice aforethought. The court also instructed the jury with CALJIC 8.20, which provides that "[a]ll murder which is perpetrated by any kind of willful, deliberate and premediated killing with express malice aforethought is murder of the first degree." In addition, the court instructed the jury with CALJIC 8.66, the instruction on attempted murder, which states that there must be proof that "[t]he person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." The court did not instruct the jury on aider and abettor liability, the natural and probable consequences doctrine, or the felony murder rule. The jury found Drawn guilty of first degree murder and attempted murder.

This record of conviction readily allows us to ascertain whether the jury relied on a now-invalid theory of first degree murder and attempted murder to convict Drawn. It makes clear the jury did not. Without any instruction on felony murder or aiding and abetting, none of the instructions given enabled the jury to find Drawn guilty on any imputed malice theories. No instruction was given under any doctrine by which the jury could have found that someone other than Drawn shot or shot at his victims and imputed that

7

person's malice to Drawn. Instead, the jury was instructed on murder and attempted murder based on malice aforethought, and on that basis, found Drawn guilty of first degree willful, deliberate, premeditated murder and attempted murder. Drawn therefore would still be convicted under the statutes for murder and attempted murder as amended by SB 1437 and SB 775, and thus the trial court properly found he was not entitled to resentencing under section 1172.6.

Further, in incorporating his reply brief from the trial court into his supplemental brief, Drawn argues that he made a prima facie showing because the information filed in the case did not set forth any theory of liability and thus allowed the prosecution to proceed under any of the now-invalid theories of murder and attempted murder. While the information is part of the record of conviction the trial court may rely upon to determine whether a section 1172.6 prima facie showing is made, it is only one component. The full record of conviction, which includes the jury instructions and jury verdict forms and is to be used by the trial court in assessing whether a prima facie showing has been made (*Lewis*, *supra*, 11 Cal.5th at p. 972), shows that Drawn was ultimately not convicted under any of the now-invalid theories of murder and attempted murder and was thus ineligible for resentencing relief under section 1172.6.

In addition, because the duration of Drawn's sentence was unclear, we requested supplemental briefing from Drawn and the People clarifying the length and terms of Drawn's current prison sentence, and asking the parties whether there were errors in Drawn's abstract of judgment requiring correction. We received Drawn's CR-292 second amended indeterminate term abstract of judgment, dated April 20, 2023, which set forth his sentence on his murder conviction, as well as his CR-290 amended indeterminate term

8

abstract of judgment, dated December 14, 2017, which set forth his sentence on his other convictions, including attempted murder.[5] The parties agree that Drawn's effective sentence is 84-year-to-life, and that the April 20, 2023 CR-292 and December 14, 2017 CR-290 abstracts correctly reflect this sentence.

With respect to the restitution fines in the December 14, 2017 CR-290 abstract, however, the People seek a correction. Noting that the trial court reduced Drawn's restitution and parole revocation fines from $8,000 to $6,500 at the hearing on his resentencing petition, the People observe these new amounts are not reflected in the December 14, 2017 amended determinate term abstract. We agree and direct the trial court to correct the determinate term abstract of judgment to reflect these reductions and to make consistent with the indeterminate term abstract of judgment which properly lists these fines as $6,500.

## DISPOSITION

Both the order denying Drawn's section 1172.6 resentencing petition and the judgement are affirmed. The trial court is directed to correct the determinate term abstract of judgment (CR-290) to include the reduced $6,500 restitution and parole revocation fines consistent with the trial court's oral pronouncement and the second amended indeterminate term abstract of judgment. The court shall forward the corrected determinate term abstract of judgment to the Department of Corrections and Rehabilitation.

---

[5]     We augment the record to include both abstracts. (Cal. Rules of Court, rule 8.155.)

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Rodríguez, J.

A166794/*People v. Drawn*