Filed 7/11/23  P. v. Hernandez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B323898 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. VA103489-01 |
| v. | |
| GILBERT HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles Count, Raul A. Sahagun, Judge. Affirmed.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review this appeal from an order denying a petition for resentencing. We affirm.

## PROCEDURAL BACKGROUND

On January 21, 2010, a jury convicted appellant Gilbert Hernandez of first degree premeditated murder. The jury found true that appellant had used a knife, a deadly weapon, inflicting great bodily injury on the victim of the offense. Appellant was sentenced to 25 years to life on the murder and one year for the use of a knife in committing the offense.

The facts underlying the conviction are straightforward for purposes of the petition for resentencing. Appellant and the victim encountered each other in a sports bar. They exchanged words and began to fight. Appellant pulled out a knife and stabbed the victim, who died of his wounds.

On February 8, 2022, appellant filed a petition for resentencing pursuant to Penal Code section 1172.6 (renumbered from section 1170.95 by Statutes 2022, chapter 58, Section 10, effective June 30, 2022). The trial court denied the petition on the ground that appellant was the single actual killer. Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant on appeal. On April 17, 2023, counsel filed a brief under *People v. Delgadillo*, raising no issues. Counsel advised us she told appellant he may file his own supplemental brief within 30 days. Counsel sent appellant transcripts of the record on appeal as well as a copy of the brief.

On April 17, 2023, this court sent appellant a notice that a brief raising no issues had been filed on his behalf. We advised appellant he had 30 days within which to submit a supplemental

brief or letter stating any ground for appeal he believes we should consider.  We also advised appellant that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On May 17, 2023, appellant filed a supplemental brief.  He first asks us to take judicial notice of the statement of facts in the appellate opinion affirming his conviction.  (*People v. Hernandez*, (May 19, 2011, B223062) [nonpub. opn.].)  We grant that request.

Next appellant expresses the great remorse he feels and has always felt for the murder, stating that it was never his intention to kill the victim.  He does not dispute his role as the actual killer; instead he asks us to "revisit the issue of premeditation and deliberation" as he believes the evidence at trial was insufficient to support the jury's findings.  He asks us to invoke our power under Penal Code section 1181, subdivision 6, "to mitigate the degree of the charge to reflect what actually occurred."

A person is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life (Stats. 2018, ch. 1015, §4, eff. Jan. 1, 2019), or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in the crime.  (Pen. Code, §188, subd. (a)(3).)  An individual who personally killed the victim is not entitled to resentencing relief.  (*People v. Delgadillo, supra*,

14 Cal.5th at p. 233 [defendant "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing"]; *People v. Lopez* (2022) 78 Cal.App.5th 1, 4 [actual killer refers to someone who personally killed the victim].)  Appellant acknowledges he wielded the knife that killed the victim.  He is not entitled to resentencing relief under Penal code section 1172.6.

Appellant next contends the evidence is insufficient to convict him of premeditation and deliberation.  This contention is not properly raised in an appeal from the denial of a Penal Code section 1172.6 petition.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error].)

We are not otherwise required to conduct an independent review of the record in the context of an appeal from an order denying a petition for resentencing filed pursuant to Penal Code section 1172.6 and we decline to do so.  (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 226.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

5