Filed 10/25/23  P. v. Badue CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>STEVE BADUE,<br><br>        Defendant and Appellant. | A166154<br><br>(San Mateo County<br>Super. Ct. No. 22SF006942A) |

Steve Badue appeals from an order revoking and reinstating his parole. His appellate counsel filed an opening brief informing this court that he reviewed the record and could find no arguable issues to raise on appeal. Citing *People v. Delgadillo* (2022) 14 Cal.5th 216, counsel asked us to send his brief to the defendant with notice "informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.)  We so informed Badue, and he filed a supplemental brief that is one page long and consists of 12 lines of text.  We have evaluated Badue's arguments as best we understand them, and we find no issues of merit.  Accordingly, we shall affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

We draw our summary of the underlying facts from the June 6, 2022 Parole Violation Report (Report), which alleged two parole violations:

1

absconding parole supervision, and failure to participate in global positioning system (GPS) monitoring.

According to the Report, in February 2021, Badue was convicted of violating Penal Code section 148 (resisting officer with threat of violence).[1] He was sentenced to two years in state prison for this offense, and was released on parole in April 2022. On May 17, 2022, Badue reported as ordered to a parole officer, and signed his "Special Conditions of Parole," one of which required continuous electronic monitoring.[2] Later in the meeting Badue refused to allow a GPS device to be placed on his ankle. The parole officer told Badue to wait in the lobby while he brought out his supervisor, but Badue had fled the building by the time the officer and supervisor arrived. That same day, a warrant was issued for Badue's arrest, and Badue was arrested on the warrant later that month.

A parole revocation conference was held on August 26, 2022. Badue represented himself, the court having previously granted his *Faretta* motion. (*Faretta v. California* (1975) 422 U.S. 806.) In response to questions from the court at the conference, Badue acknowledged that he understood the allegations in the petition for parole revocation, that he had time to review

---

[1] All statutory references are to the Penal Code.

[2] Another condition of Badue's parole required him to register as a section 290 sex offender registrant. Section 3010.10, subdivision (a) provides that "[a] person who is required to register as a sex offender pursuant to Section 290 as a condition of parole shall report to his or her parole officer within one working day following release from custody, or as instructed by a parole officer, to have [a GPS], or other monitoring device affixed to his or her person." As reflected in the Report, Badue's previous convictions include two convictions for indecent exposure (a misdemeanor violation under § 314, and a felony violation under § 314, subd. 1) and several felony convictions for failing to register as a sex offender.

2

the allegations and any defenses, that he had the right to a hearing to determine whether there was evidence to hold him to answer, and the right to an evidentiary hearing on the allegations. Badue stated he did not want a hearing, and submitted. He admitted absconding from parole supervision. He stated that he was "not employed to wear a GPS monitoring by the offense that I was sent to prison under Penal Code 69 – Penal Code 148."[3]

The trial court accepted Badue's admission that he absconded from parole supervision and found a factual basis for Badue's failure to participate in GPS monitoring based on the Report and petition for parole violation. The court ordered Badue's parole revoked and reinstated on condition that Badue serve 180 days in county jail. The court observed that Badue currently had credit for 177 days, and ordered him to serve the remaining time. Badue timely appealed.

## DISCUSSION

We have reviewed Badue's supplemental brief, and find it difficult to discern how the brief relates to the parole violations that are at issue in this appeal.

In the first seven lines of his brief, Badue refers to a constitutional and statutory right to engage in " 'lawful resistance,' " citing Penal Code sections 692 and 693 and CALJIC No. 5.30, and apparently contending that he lawfully resisted force used against him.[4] This part of the brief may be an attempt to address his February 2021 conviction under section 148, but the

---

[3] In addition to his February 2021 conviction under section 148, Badue was convicted in September 2020 under sections 69 (obstructing or resisting an executive officer) and 148.10, subdivision (a) (resisting a peace officer resulting in death or serious bodily injury). Those convictions resulted in a two-year prison sentence and a fine.

[4] CALJIC No. 5.30 is entitled, "Self-Defense Against Assault."

3

time to appeal that conviction has passed.  None of the authorities that Badue cites concerning the use of force has any bearing on this appeal, which concerns the revocation of his parole in 2022.

In the next lines of his brief, Badue cites several sections of the Penal Code (§ 290, subds. (c) and (d)(1)(A), § 290.006, subd. (a), and § 314, subd. 1) and states that he is "a low risk sex offender pursuant to the Sex Offender Registration Act of 2017."[5]  To the extent Badue implies that he should not be required to register as a sex offender or that he should not be subject to GPS monitoring as a condition of his parole, we decline to address those issues, because they were not before the trial court and are not before us in this appeal.

## DISPOSITION

The challenged order is affirmed.

---

[5] The Report identifies Badue as a high risk sex offender.

                                      _____

                                      Miller, J.

WE CONCUR:


_____

Richman, Acting P.J.


_____

Markman, J.*


A166154, *People v. Badue*

---

      \* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.