Filed 12/20/23  P. v. Valdez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VINCENT JULIAN VALDEZ, JR.,<br><br>    Defendant and Appellant. | G062143<br><br>(Super. Ct. No. 07CF3182)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*         \*         \*

In 2008, a jury convicted defendant Vincent Julian Valdez, Jr., of two counts of attempted murder (Pen. Code, §§ 187, subd. (a), 664, subd. (a))[1], four counts of assault with a firearm (§ 245, subd. (a)(2)), and two counts of street terrorism (§ 186.22, subd. (a)), arising from two separate drive-by shootings. The jury also found numerous firearm and gang related enhancement allegations to be true. The trial court sentenced defendant to a prison term of 46 years. Another panel of this court affirmed the judgment, with the exception of one gang enhancement related to the second shooting. (*People v. Valdez* (2011) 201 Cal.App.4th 1429.)

In 2022, defendant filed a petition seeking resentencing pursuant to section 1172.6. After the trial court appointed counsel for defendant, the parties provided briefing. The trial court held a hearing at which it summarily denied the petition, concluding defendant was ineligible for resentencing as a matter of law. It explained: the jury was not instructed on the natural and probable consequences doctrine; the jury found defendant acted with an intent to kill; and, thus, the record of conviction demonstrates he is not entitled to relief as a matter of law.

Defendant timely filed a notice of appeal, and counsel was appointed to represent him. In compliance with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), counsel filed a brief summarizing the proceedings and facts of the case and advised the court they found no arguable issues in support of defendant's appeal.

This court notified defendant he could file a supplemental brief on his own behalf and advised him his appeal may be dismissed as abandoned if no such brief were to be filed. Defendant did not file a supplemental brief and the time to file one has passed. We nevertheless exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

---

[1]        All further statutory references are to the Penal Code.

We have independently reviewed the entire record and have found no arguable issues on appeal. Therefore, we affirm the postjudgment order.

**DISCUSSION**

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished that purpose by substantively amending sections 188 and 189, and adding what later became section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.) Persons who believe they are eligible may seek resentencing pursuant to section 1172.6 by filing a petition in the court which sentenced them. (§ 1172.6, subds. (a) & (b)(1); *Strong*, at p. 708.)

As originally enacted, the legislation did not expressly apply to a person convicted of attempted murder. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.) A subsequent legislative amendment clarified the statute's scope. (Sen. Bill No. 775, Stats. 2021, ch. 551, § 1, subd. (a).) Relevant here, for persons convicted of attempted murder, relief under section 1172.6 is available only to those convicted under a natural and probable consequences theory. (§ 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*); see, e.g., *People v. Montes* (2021) 71 Cal.App.5th 1001, 1007 [defendant made prima facie showing of eligibility because record of conviction showed jury was instructed on natural and probable consequences doctrine for attempted murder].)

The jurors in this case were not instructed on the natural and probable consequences doctrine. Rather, they were provided with instructions concerning direct aiding and abetting of attempted murder (CALCRIM Nos. 400 and 401), as well as ones concerning attempted murder (CALCRIM No. 600) and willful, deliberate and

3

premeditated attempted murder (CALCRIM No. 601). One of the former required a finding that "defendant had the intent to kill another human being," and one of the latter advised an attempted murder conviction required a finding that "the defendant intended to kill [the victim]."

Attempted murder and direct aiding and abetting of attempted murder both remain valid theories of attempted murder liability after the legislative amendments discussed above. (*Coley, supra*, 77 Cal.App.5th at p. 548; cf. *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1263 [direct aiding and abetting implied malice murder still valid theory because it does not involve imputation of malice].) Accordingly, the trial court correctly concluded defendant is ineligible for resentencing relief as a matter of law. (*Coley,* at p. 548.)

## DISPOSITION

The postjudgment order is affirmed.


DELANEY, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

4