Filed 8/7/24  P. v. McClure CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT DEAN McCLURE,<br><br>    Defendant and Appellant. | G063018<br><br>(Super. Ct. No. 98NF1293)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Robert Dean McClure appeals the denial of his petition for resentencing pursuant to Penal Code section 1172.6. However, his appellate attorney filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring he was unable to find any issues to raise on appellant's behalf. And having independently reviewed the record, we have not detected any arguable issues either. We therefore affirm the trial court's denial order.

## PROCEDURAL BACKGROUND

In 1999, appellant was convicted of attempting to murder a man over a paternity dispute. (Pen. Code, §§ 664/187, subd. (a).) The jury also found appellant acted with premeditation and deliberation and that he personally inflicted great bodily injury on the victim by discharging a firearm. (Pen. Code, §§ 12022.5, 12022.7, 12022.53, subds. (a) & (d).) The trial court sentenced him to life in prison, and we affirmed the judgment on appeal. (*People v. McClure* (Feb. 27, 2001, G026706) [nonpub. opn.].)

In 2023, appellant petitioned for resentencing under Penal Code section 1172.6. Following a response by the People and a hearing at which appellant was represented by appointed counsel, the trial court summarily denied his petition on the basis he failed to make a prima facie showing for relief.

On appeal, appointed counsel filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. We informed appellant of his right to file a supplemental brief, however he declined to do so. Exercising our discretion and in the interest of justice, we have examined the entire record for any arguable issues. (See *id.* at p. 230.) But our examination has only confirmed

appointed counsel's conclusion that there are no arguable issues and that appellant's petition was properly denied.

## DISCUSSION

Penal Code section 1172.6 allows convicted murderers and attempted murderers to seek retroactive resentencing relief based on changes in the law that were ushered in by Senate Bill No. 1437 in 2019. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) However, one of the prerequisites for obtaining relief is that the defendant was convicted on a theory of imputed liability. (Pen. Code, § 1172.6, subd. (a).) Having reviewed the record of appellant's underlying conviction, it is clear his jury was not instructed on any such theory. Rather, he was tried as the actual perpetrator of the charged offenses. By finding appellant guilty of attempted premeditated murder and personally discharging a firearm, the jury convicted him based on his *own* actions and his *own* malice. Therefore, he is ineligible for resentencing as a matter of law. (*People v. Curiel* (2023) 15 Cal.5th 433.)

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

3