Filed 4/22/25  P. v. Mitchell CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY WUNYA MITCHELL,<br><br>Defendant and Appellant. | B340025<br><br>Los Angeles County<br>Super. Ct. No. GA085599 |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Anthony Wunya Mitchell appeals the superior court's denial of his petition for relief under former Penal Code[1] section 1170.95 (current section 1172.6).  We affirm.

Section 1172.6 provides relief for certain individuals convicted of attempted murder under an imputed-malice theory of liability.  The trial court found that the record in Mitchell's case demonstrated as a matter of law that Mitchell was not convicted of imputed-malice attempted murder.  It therefore denied Mitchell's petition.  After we appointed appellate counsel, appellate counsel filed a brief identifying no arguable issues in the trial court's ruling and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216.  Mitchell then filed a supplemental brief on his own behalf.

If, as here, appellate counsel finds no arguable issues exist in a postconviction appeal from the denial of a section 1172.6 petition, this court need not independently review the record.  (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  And if, as here, the defendant subsequently files a supplemental brief, this court need evaluate only the arguments presented in that brief.  (*Ibid*.)

Turning to those arguments, Mitchell contends that his sentence violated section 654, that he was a victim of racial bias, and that he should have new counsel appointed on his behalf.  Mitchell's contentions regarding section 654 and racial bias may not be raised in this appeal from a denial of a section 1172.6 petition.  (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or

---

1      All undesignated statutory references are to the Penal Code.

2

attack the sufficiency of the evidence supporting the jury's findings"].)  To the extent Mitchell suggests he received ineffective assistance of counsel in his section 1172.6 proceedings, we reject that argument, as Mitchell has not provided adequate citation to legal authority or the record.  (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619-620.)  Additionally, because (as explained in the following paragraph) the record demonstrates Mitchell is ineligible for section 1172.6 relief as a matter of law, it follows that he cannot demonstrate he was prejudiced by counsel's performance, as he could not have obtained a more favorable outcome in these proceedings regardless of counsel's performance.  (See *Strickland v. Washington* (1984) 466 U.S. 668, 687 [to establish ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient, and that he was prejudiced by counsel's deficient performance].)  Accordingly, Mitchell's arguments do not provide a basis for reversal.  We affirm on that basis.

Although we are not required to, we have also exercised our discretion to independently review the record.  (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  Having done so, we agree with the trial court that Mitchell is ineligible for section 1172.6 relief as a matter of law.  As the trial court noted, the jury was never instructed on any imputed-malice theory of liability.[2]

---

2      Because the jury instructions are not included in the appellate record here, we take judicial notice of the record in Mitchell's direct appeal (case no. B254025), which contains the jury instructions.  (Evid. Code, § 452, subd. (d).)

3

## DISPOSITION

We affirm the order denying Mitchell section 1172.6 relief.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

DAUM, J.*

We concur:

ZUKIN, Acting P.J.

MORI, J.

---

\*      Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.