Filed 6/3/25  P. v. Wyly CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STANLEY WYLY,<br><br>    Defendant and Appellant. | G064046<br><br>(Super. Ct. No. 94SF0520)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Stanley Wyly appeals the summary denial of his petition for resentencing under Penal Code[1] section 1172.6. Wyly's court-appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case, advising she found no viable issues, and asking this court to conduct an independent review of the record. Wyly was given an opportunity to file a supplemental brief but did not do so. Exercising our discretion under *Delgadillo*, we have examined the record and find no arguable issues. We therefore affirm.

FACTS

In 1994, following the death of his infant son, Wyly was charged with murder and several counts of child abuse and inflicting corporal injury on a child. He was the only person charged.

A jury convicted Wyly of second degree murder and the remaining charges. The trial court sentenced him to 20 years and four months to life in prison. We affirmed the judgment. (*People v. Wyly* (July 29, 1997, G018943 [nonpub. opn.].)

In 2024, Wyly filed a petition for resentencing under section 1172.6, asserting he could not presently be convicted of murder under sections 188 and 189, which were amended in 2019 to limit the scope of the traditional felony-murder rule and eliminate the natural and probable consequences theory of murder.

After appointing counsel and reviewing the parties' briefs, the information, the abstract of judgment, the jury instructions, and the verdict forms, the trial court found Wyly had not made a prima facie showing he was entitled to relief and denied his petition. The court reasoned: "A review of the

---

[1]     All statutory references are to the Penal Code.

record of conviction, including the instructions presented to the jury at trial, makes clear there was no felony murder doctrine or natural and probable consequences theory upon which the jury could have convicted [Wyly]. [He] was determined to be the actual killer. Therefore, [he] would still be guilty of [m]urder under currently valid law."

Wyly filed a notice of appeal, and this court appointed counsel to represent him. As noted, appellate counsel filed a brief advising she found no arguable issues and asked us to follow the procedures set forth in *Delgadillo, supra,* 14 Cal.5th 216.

## DISCUSSION

Effective January 1, 2019, the Legislature amended the Penal Code to limit the scope of the felony-murder rule and eliminate natural and probable consequences liability for murder as it applies to aiding and abetting. (Pen. Code, §§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2-3.) These amendments were "enacted 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 967 (*Lewis*).)

Individuals who were convicted under the former laws on murder may seek resentencing or to have their convictions vacated if their conduct did not constitute murder as redefined under current law. (§ 1172.6, subd. (a).) If a petitioner makes a prima facie case for relief, the trial court must issue an order to show cause and hold a hearing on whether to vacate the conviction and resentence the petitioner. (*Id.,* subd. (c) & (d).)

In determining whether a petitioner has made a prima facie showing, the trial court must take the petitioner's factual allegations as true.

3

(*Lewis, supra,* 11 Cal.5th at p. 971.) However, if the record of conviction contains facts demonstrating the petitioner is ineligible for relief as a matter of law, the court may summarily deny the petition. (*Id.* at pp. 970–972; *People v. Strong* (2022) 13 Cal.5th 698, 708.)

In this case, the trial court summarily denied Wyly's resentencing petition because the record of conviction made clear he was the actual killer and there was no felony-murder doctrine or natural and probable consequences theory presented to the jury. After reviewing the record of conviction, including the jury instructions and verdict forms, we agree. Because the record of conviction makes clear Wyly "was the actual killer and the only participant in the killing," he is not entitled to resentencing. (*Delgadillo, supra,* 14 Cal.5th at p. 233.)

Further, in exercising our discretion under *Delgadillo* to review the entire record in this case, we have found no arguable appellate issues.

DISPOSITION

The postjudgment order denying Wyly's petition for resentencing is affirmed.

SCOTT, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

GOODING, J.