Filed 8/7/25  P. v. Studebaker CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHAD RUSSELL STUDEBAKER,<br><br>    Defendant and Appellant. | G064479<br><br>(Super. Ct. No. 03WF2364)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2004, a jury found Chad Russell Studebaker guilty of attempted murder and other crimes. He was sentenced to six years, eight months, plus 15 years to life. In 2024, Studebaker filed a form petition for resentencing of his attempted murder convictions under Penal Code section 1172.6.[1] The trial court denied the petition, concluding Studebaker had not made a prima facie case for resentencing relief.

Studebaker appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), stating no arguable issues could result in a disposition more favorable to Studebaker (*id*. at p. 232). Although Studebaker did not file a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's brief. As discussed below, we find no reasonably arguable issue on appeal. We therefore affirm the postjudgment order.

STATEMENT OF THE CASE

I.

FACTUAL BACKGROUND

On March 12, 2004, the Orange County District Attorney filed an information against Studebaker only, charging him with the attempted murder, and various other crimes. The information also alleged various enhancements, including personal use of a deadly weapon and gang enhancements.

The jury was instructed that to convict a defendant for attempted murder, it must find the defendant committed a direct but ineffective act

_____

[1] All further statutory references are to the Penal Code, unless otherwise stated.

toward the killing of another person and the defendant "harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." The instruction did not mention the natural and probable consequences doctrine. There was no separate instruction on the natural and probable consequences doctrine, aiding and abetting, or conspiracy.

On October 12, 2004, a jury found Studebaker guilty of, among other crimes, one count of attempted murder. It found true the allegations that Studebaker acted with willful premeditation and deliberation, personably used a deadly weapon during the commission of the offense, and committed the murder for the benefit of a criminal street gang.

The trial court sentenced Studebaker to six years, four months plus 15 years to life with the possibility of parole. This court affirmed the judgment. (*People v. Studebaker* (January 31, 2007, G035535) [nonpub. opn.].)

II.

PETITION FOR RESENTENCING RELIEF

On June 18, 2024, Studebaker filed a form petition to vacate his attempted murder conviction. In response, the district attorney requested the trial court deny the petition at a prima facie hearing. The district attorney argued Studebaker was not convicted of attempted murder under the natural and probable consequences doctrine because, among other reasons, the jury was never instructed on that doctrine. The district attorney also argued Studebaker would still be guilty of attempted murder under current law as the direct perpetrator.

Following the prima facie hearing, the trial court denied the resentencing petition.

3

# DISCUSSION

Section 1172.6, subdivision (a) provides in relevant part that a "person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint . . . was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of . . . attempted murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." The petitioner has the burden of making a prima facie case for relief. The prima facie stage bar is "'very low,'" but not nonexistent. (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The court may deny the petition at the prima facie stage if the record of conviction discloses that the petitioner is ineligible for relief as a matter of law. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.) We independently review the trial court's determination that the petitioner failed to make a prima facie showing for relief. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

After independent review, we conclude the record of conviction conclusively establishes Studebaker was not convicted of attempted murder

4

under the natural and probable consequences doctrine or any other theory imputing malice. The jury was instructed on attempted murder, but that instruction does not reference the natural and probable consequences doctrine or any other theory under which malice is imputed based solely on participation in a crime. There was no separate instruction on the natural and probable consequences doctrine, aiding and abetting, or conspiracy. Studebaker thus is ineligible for resentencing relief as a matter of law. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["[I]f the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].) A petitioner is ineligible for resentencing relief if "the jury was not instructed on any theory of liability for murder . . . that required that malice be imputed to him." (*People v. Cortes* (2022) 75 Cal.App.5th 198, 205.)

DISPOSITION

The postjudgment order denying Studebaker's petition for resentencing is affirmed.

DELANEY, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.

5