Filed 12/9/25  P. v. Martin CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086223 |
| v. | (Super.Ct.No. FMB24000271) |
| LEROY MARTIN, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Sarah Oliver, Judge.  Dismissed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Leroy Martin, Jr., appeals the order of the San Bernardino County Superior Court revoking his probation under Penal Code section 1237, subdivision (b), and imposing a previously suspended prison term. We will dismiss the appeal.

## BACKGROUND

In August 2024, defendant pled guilty to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), count 1) and admitted five aggravating factors (using a weapon when he committed the crime, his violent conduct indicates a danger to society, he had prior convictions that were either great in number or were of increasing seriousness, he served a prior prison or jail term, and his prior performance on probation, mandatory supervision, post release community supervision, or parole was unsatisfactory).

In keeping with defendant's plea agreement, the trial court imposed the aggravated term of four years on count 1 and suspended that sentence pending successful completion of two years of formal felony probation. It also imposed a $70 court operation's fee (CCO), imposed and stayed a $300 probation revocation fine, and retained jurisdiction on the issue of restitution.[1] One condition of defendant's probation was to participate in the court's drug program.

---

[1] We note that the minute order of the August 23, 2024, sentencing hearing includes a restitution fine that was not ordered by the trial court at that time. We see no need to correct the order now because, as seen *infra*, the trial court has since made that order.

Defendant violated his probation on several occasions by falling out of compliance with the drug court program and failing to appear. After the court gave him encouragement and opportunities to comply even after the first few of defendant's violations, it revoked defendant's probation and imposed the previously suspended sentence of four years, imposed the suspended probation revocation fine and a $70 CCO fee, and imposed a $300 restitution fine. Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel notes we have discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 to conduct an independent review of the record in his appeal from revocation of his probation.

Upon receipt of the opening brief, we notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue, that this court is not required to conduct an independent review of the record but it may exercise its discretion to do so, and we invited him to file any arguments he deemed necessary. Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and, upon our review of the record, we do not find any error. Accordingly, we dismiss defendant's appeal.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

4